UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

KERRY MILLER,

        Plaintiff,                        Case No. 2:14-cv-45

v.                                     HON. ROBERT HOLMES BELL

AMY WESTCOMB, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Kerry Miller filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Defendants Regional Medical Officer William Borgerding, D.O., and Health United Manager John Kimsel argue that they are entitled to summary judgment because plaintiff failed to exhaust his administrative grievance remedies against them. (Docket #24). Plaintiff has alleged that defendant Kimsel delayed plaintiff's medical supplies and defendant Borgerding improperly referred plaintiff's request for medical supplies to defendant Kimsel. Plaintiff argues that he did exhaust his grievance remedies.

Defendants Nurse Manager Sherri Gregurek, Health Unit Manager Ann Karp, and nurse Kelly Stevens argue that they are entitled to summary judgment because plaintiff never exhausted his administrative grievance remedies against them. (Docket #79). Plaintiff alleges that defendants Karp and Gregurek failed to provide him with diapers. Plaintiff alleges that defendant Stevens told him to return to his cell on August 22, 2014, after he had a full bowel movement in his pants.

Defendant Psychologist Maureen Mickalonis argues that she is entitled to summary judgment because plaintiff never exhausted his administrative grievance remedies against her. (Docket #35). Plaintiff alleges that defendant Mickalonis psychologically evaluated him. The evaluation included plaintiff's self reported arousal at the thought of hanging himself. As a result of the evaluation, plaintiff claimed that his incontinence supplies were discontinued. Defendant Kevin Corning argues that he is entitled to summary judgment because plaintiff never exhausted his administrative grievance remedies against him. (Docket #84).

Defendants Richard Bohjanen, M.D., Roger Gerlach, M.D. and Amy Westcomb, P.A., move for summary judgment (Docket #47) and defendants Dennis Behler, P.A., Gail Burke, D.O., and Georeg Johnson, P.A. move for summary judgment (Docket #94) for failure to exhaust grievance remedies. Plaintiff claims that these defendants were involved in failing to provide him with incontinence supplies.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable

inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate

4

submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Defendant Kimsel concedes that plaintiff exhausted grievance remedies against him. Plaintiff submitted LMF-13-10-1521-12e4, naming defendant Kimsel in the Step I grievance. Plaintiff argues that this grievance also exhausts his claims against defendant Borgerding. Plaintiff did not name defendant Borgerding or the Regional Medical Officer in his Step I grievance as required by MDOC policy. Plaintiff did not mention the Regional Medical Officer until he filed his Step II grievance. In the opinion of the undersigned, that grievance could not exhaust his claims against defendant Borgerding. Further, defendant Borgerding argues that plaintiff cannot assert that

5

grievance LMF-13-11-1751-28b exhausts the claim against defendant Borgerding because that grievance was not completed before plaintiff filed this lawsuit. Plaintiff failed to complete the grievance process for that grievance prior to filing this lawsuit. Plaintiff's lawsuit was filed on February 20, 2014. The Step III grievance response was completed and mailed on March 13, 2014, after plaintiff filed this lawsuit.

Plaintiff never properly filed a Step III grievance against defendants Gregurek, Karp, Stevens, Mickalonis or Corning. In the opinion of the undersigned, these defendants are entitled to be dismissed from this action.

Defendants Bohjanen, Gerlach, Behler, Burke and Johnson argue that they should be dismissed because plaintiff never properly exhausted his grievance remedies against them. Defendant Westcomb concedes that plaintiff exhausted his claim against her for failing to provide incontinence supplies in 2012. Defendant Westcomb argues that plaintiff failed to exhaust any other claim asserted against her, including the failure to provide incontinence supplies in 2013. Plaintiff asserts that he did exhaust his grievance against these defendants, although he concedes that he did not raise every claim in a grievance. Plaintiff argues that he is not required to raise every claim asserted in this lawsuit in a grievance before he files his lawsuit. He further argues that he is not required to exhaust claims that will simply be denied in the grievance process, because that would be futile and that he is not required to submit grievances on issues that would be considered duplicative. Plaintiff is mistaken. The MDOC grievance policy requires plaintiff to name each defendant in a Step I grievance on each claim asserted, and exhaust the grievance process through Step III. Plaintiff may not decide to only include some claims against some defendants and then argue that all of his claims against each defendant are exhausted. Similarly, plaintiff does not have

6

the option of simply stating that grieving a claim is futile since he believes that the MDOC will deny the grievance or that he need not file a particular grievance on a claim because it would be considered duplicative. Further, plaintiff needs to name each defendant in his Step I grievance in accordance with MDOC policy. Plaintiff does not exhaust a claim against a defendant if the defendant is first named in a Step II grievance. In the opinion of the undersigned, defendants Bohjanen, Gerlach, Behler, Burke and Johnson have shown that plaintiff failed to exhaust his claims against them, and defendant Westcomb has shown that plaintiff failed to exhaust all claims against her except the claim that she denied incontinence supplies in 2012.

For the foregoing reasons, I recommend that Defendant's Borgerding's motion for summary judgment (Docket #24) be granted dismissing Defendant Borgerding without prejudice. As conceded, defendant Kimsel should remain a defendant in this case.

It is further recommended that Defendant Mickalonis, Stevens, Gregurek, Karp and Corning's motions for summary judgment (Docket #35, #79 and #83) be granted dismissing Defendant's Mickalonis, Stevens, Gregurek, Karp and Corning without prejudice.

It is further recommended that Defendants Bohjanen, Gerlach, Westcomb, Behler, Burke and Johnson's motions for summary judgment (Docket #47 and #94) be granted dismissing defendants Bohjanen, Gerlach, Behler, Burke and Johnson without prejudice, and dismissing all claims against defendant Westcomb without prejudice except plaintiff's claim that he was denied

incontinence supplies in 2012. If the court adopts these recommendations, defendant Kimsel and defendant Westcomb will be the only defendants remaining in this case.

Dated: August 11, 2015 /s/ TIMOTHY P. GREELEY
Timothy P. Greeley
United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).