UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KERRY MILLER,

    Plaintiff,            Case No. 2:14-cv-45

v.                   HON. ROBERT HOLMES BELL

AMY WESTCOMB, et al.,

    Defendants.
_____/

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

  On August 11, 2015, Magistrate Judge Timothy P. Greeley issued a Report & Recommendation ("R&R") (ECF No. 109) recommending that Defendants' motions for partial summary judgment (ECF Nos. 24, 79, 35, 84, 47, 94) be granted, dismissing Defendants Borgerding, Gregurek, Karp, Stevens, Mickalonis, Corning, Bohjanen, Gerlach, Behler, Burke, and Johnson without prejudice, and dismissing all claims against Defendant Westcomb without prejudice except for Plaintiff's claim that he was denied incontinence supplies by Westcomb in 2012. The matter is before the Court on Plaintiff's objections to the R&R. (ECF No. 114.)

  This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not

satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff makes several objections to the R&R. While Plaintiff fails to specify the individual Defendants or claims the objections are directed toward, Plaintiff argues that it would have been futile to exhaust all administrative remedies against Defendants because the grievances were not being processed at Step I and because the grievances would have been duplicative. At the same time, Plaintiff argues that he did exhaust all administrative remedies against Defendants because: the administration failed to timely respond to his grievances; Plaintiff's description of the Defendants in his grievances was sufficient for prison officials to identify Defendants; prison officials should have given Plaintiff the opportunity to correct his mistakes; the Michigan Department of Corrections looked past the procedural shortcomings of Plaintiff's grievances, and thus procedurally defaulted; and prison officials would not tell Plaintiff who was involved in actions grieved by Plaintiff.

**A. Defendants Borgerding and Kimsel**

Defendant William Borgerding filed a motion for summary judgment, arguing that Plaintiff did not exhaust all administrative remedies against him before filing suit. (ECF No. 25, PageID #852.) Defendant Kimsel conceded that Plaintiff exhausted all remedies against him.

Plaintiff asserts that two grievances were filed against Defendant Borgerding: Grievance LMF 13-10-1521-12e4 and Grievance LFM 13-11-1751-28b. Plaintiff filed this lawsuit on February 20, 2014. (Compl., ECF No. 1.) Plaintiff did not receive a Step III response to Grievance LMF 13-11-1751-28b until March 13, 2014. (Step III Grievance Report, ECF No. 25-3, PageID #869.) Because the Department of Corrections had not yet responded to Plaintiff's Step III appeal before Plaintiff filed his lawsuit, Plaintiff's claim as to this grievance must be dismissed for failure to exhaust administrative remedies. *See Zimmerman v. Hardiman*, No. 1:12-cv-1402, 2014 WL 806388, at *1 (W.D. Mich. Feb. 28, 2014) (dismissing claim because "although Plaintiff initiated the prison grievance process before filing this lawsuit, the Grievance Section of the MDOC had not yet responded to his Step III appeals at the time Plaintiff filed this case").

Grievance LMF 13-10-1521-12e4 is a grievance against Defendant Kimsel, the Health Unit Manager ("HUM"), for concluding that Plaintiff did not need incontinence garments. (ECF No. 25-3, PageID #885.) Plaintiff alleges that this grievance also exhausts Plaintiff's claims against Defendant Borgerding. Defendant Borgerding was not mentioned until Step II of the grievance process, where he was referred to as simply the "Regional Medical Officer." Even assuming that this description was sufficient to identify Defendant Borgerding, the Step II grievance was directed solely at Kimsel. The grievance states:

> . . . .Grievant was told by Medical Staff that there is nothing they can do for you the [Regional Medical Officer] disapproved your supplies so there is nothing we can do for you therefore don't kite about incontinence anymore. HUM Kimsel has told staff to not process my kites relating to incontinence

3

> issues I was told this by staff. I am wetting my pants and bed, having one to two bowel movements a day in my pants, being forced to sleep in my own urine and feces and cannot get any medical treatment at all *because of HUM Kimsel*.

(*Id.* at PageID #883) (emphasis added). Similarly, the Step III grievance response states "Grievant alleges the Health Unit Manager has inappropriately discontinued his order for catheters and associated supplies." (*Id.* at PageID #882.) Accordingly, the Court agrees with the Magistrate Judge's decision that this "grievance could not exhaust [Plaintiff's] claims against Borgerding." (ECF No. 109, PageID #2457.)

**B. Defendants Mickalonis, Gregurek, Karp, Stevens, and Corning**

Defendant Maureen Mickalonis filed a motion for summary judgment, arguing that Plaintiff did not exhaust all administrative remedies against her because he did not file a Step III grievance before filing suit. (ECF No. 36, PageID #958.) Plaintiff argues that he never received a response or the required Step I grievance receipt, that he sent three separate kites to the grievance coordinator and, therefore, that he exhausted all administrative remedies. (Pl.'s Resp., ECF No. 99, PageID #1647.) The Magistrate Judge found that Plaintiff never properly filed a Step III grievance against Defendant Mickalonis. (ECF No. 109, PageID #2458.)

Defendants Sherri Gregurek, Ann Karp, and Kelly Stevens filed a motion for summary judgment arguing that Defendant failed to properly exhaust his available administrative remedies. (ECF No. 79.) Plaintiff argues that on March 19, 2014, he filed two grievances on Karp and Gregurek, but never received a response. (ECF No. 99, PageID #1654.) Plaintiff

4

sent several kites to the grievance coordinator, but did not receive a response or a receipt. (*Id.*) On July 17, 2014, Plaintiff filed a grievance against Defendant Stevens. Plaintiff again argues that he sent two kites requesting the grievance receipt from the grievance coordinator, but did not receive a response or a receipt. (*Id.* at 1657.)

Defendant Kevin Corning filed a motion for summary judgment, asserting all "arguments advanced by Co-Defendants Sherri Gregurek, Ann Karp and Kelly Stevens." (ECF No. 84.) Plaintiff argues that he filed a grievance against Corning on April 8, 2014, and after he did not receive a receipt, "sent two kites to the Grievance Coordinator requesting the Step 1 Grievance Receipt." (ECF No. 99, PageID #1662.)

Plaintiff appears to argue that because he received no response to his Step I grievance, he properly exhausted all available administrative remedies. In support of this argument, Plaintiff cites to *Boyd v. Corrections Corp. of America*, 380 F.3d 989 (6th Cir. 2004).

Plaintiff's argument is unavailing. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). In *Boyd*, the court held that a Tennessee inmate exhausted his administrative remedies when he submitted a grievance form and received no response. *Id.* at 996. Unlike the Tennessee grievance system, where the plaintiff "was required to wait for a grievance officer to make a decision regarding his formal grievance before he could appeal to the warden," *id.*, in Michigan, the appeal process does

not require a response at the prior step before filing at the next step of the grievance process. *See Crump v. Darling*, No. 1:06-cv-20, 2007 WL 851750, at *5 (WD. Mich. Mar. 21, 2007).

Paragraph FF of Michigan Department of Corrections Policy Directive 03.02.130 (effective July 9, 2007), provides:

> A grievant may file a Step III grievance if s/he is dissatisfied with the Step II response or does not receive a timely response. To file a Step III grievance, the grievant must send a completed Step III grievance, using the Prisoner/Parolee Grievance Appeal form (CSJ-247B), to the Grievance and Appeals section within ten business days after receiving the Step II response or, if no response was received, within ten business days after the date the response was due, including any extensions.

Because Plaintiff was not foreclosed from proceeding to Step III of the grievance process and exhausting his available administrative remedies, Plaintiff's argument that "it would have been futile . . . to pursue these remedies when clearly [his] grievances were not being processed at Step 1" fails.

## C. Defendants Bohjanen, Gerlach, Westcomb, Behler, Burke, and Johnson–Corizon Employees

In their motions for partial summary judgment, Defendants Bohjanen, Gerlach, Westcomb, Behler, Burke, and Johnson argue that the only claim exhausted against them prior to the filing of this lawsuit was a claim regarding the care Defendant Westcomb rendered in 2012. (ECF Nos. 47, 94.)

Plaintiff argues that all claims against these medical staff members are the same–for denial of incontinence garments. In his objections to the R&R, Plaintiff admits that Defendants were not identified by name in Plaintiff's grievances, but states:

6

> Although Defendants [were] not identified by name in Plaintiff's grievances prison officials responded to Plaintiff's grievances on the merits, without noting this procedural deficiency, and the grievances [were] otherwise sufficient to identify the involvement of the Defendants not named! Defendants implicitly acknowledged that through [Plaintiff's] grievances, [Plaintiff] was expressing a complaint against Defendants "Disagreement" with the medical treatment of the Defendants supporting a claim that the treatment plan was inappropriate. At no time did prison officials a[d]vise [Plaintiff] of his failure to specifically name the "Medical Staff" against whom he grieved. However, the names of the Defendants not named in the grievances were named in the responses!

(ECF No. 114, PageID ##2476-77.) Plaintiff's objections do not indicate either the specific grievances or the Defendants Plaintiff is referring to. After a review of the record, the Court has identified 8 potential grievances that Plaintiff could possibly argue refer to the above Defendants.

Grievance MTU 12-07-0764-28a asserts a discrimination claim after Plaintiff's application for a single man cell was rejected. (ECF No. 47-4, PageID #1286.) It states that Plaintiff "discussed this with Health Care numerous times," and that Health Care takes all of his money every month. (*Id.*) This grievance was rejected at Step II on procedural grounds because it raised multiple issues. (*Id.* at PageID #1285.) The Step III response to this grievance upheld the Step II decision. (*Id.* at PageID #1283.) As this grievance was rejected on procedural grounds, Plaintiff did not exhaust his administrative remedies.

In Grievance MTU 12-06-598-12i, Plaintiff again asserted that he needed a single man cell. (*Id.* at PageID #1294.) While Plaintiff does not identify any Defendant by name, he notes that he "[t]alked to Staff and received no response." (*Id.*) At Step III, the grievance was

rejected on procedural grounds. (*Id.* at PageID #1291.) Accordingly, Plaintiff has failed to exhaust his administrative remedies with respect to this grievance.

Grievance MTU 12-07-0705-27b mentions that Plaintiff is "at risk of heat related illnesses" and is unable to purchase a fan. (*Id.* at PageID #1269.) Plaintiff's Step III grievance mentions that Plaintiff went to the hospital due to heat-related illness, but the grievance itself is directed at "the administration" and Deputy Director Finco, not any of the medical staff. (*Id.* at PageID #1270.) Accordingly, this grievance does not raise a claim against any Defendant.

Grievance LMF 13-11-1751-28b (formerly Grievance LMF 13-11-1751-12b4) does mention Dr. Gerlach at Step I, but only to indicate that Dr. Gerlach was not involved in the grieved issue. (ECF No. 47-2, PageID #1128.) Moreover, this grievance was rejected on procedural grounds at Step III and the grievance process was not completed prior to the date Plaintiff filed his complaint. (*Id.* at PageID #1127.)

Grievance LMF 13-10-1521-12e4 mentions that Plaintiff "talked to Nurse Carr and other Nurses" and also mentions a doctor. (*Id.* at PageID #1137.) The grievance, however, is directed at HUM Kimsel. Plaintiff states "HUM Kimsel overruled the doctor's diagnoses and discontinued the issuing of supplies based on what? The supplies need to be issued ASAP!" (*Id.*) While administrative remedies are exhausted against Defendant Kimsel, Defendant has not alleged a violation by any other medical staff members in this grievance.

Grievance LMF 13-05-0831-12d1 is a grievance against "Health Care" for being

nonresponsive to Plaintiff's requests for incontinence products and for denying him those products. The Step I response notes that "grievant was seen by RN Zelenak on 4/22/13" and "RN Carlson on 4/30/13." (*Id*. at PageID #1163.) As Plaintiff's grievance gives no indication otherwise, presumably Zelenak and Carlson–not any of the named Defendants–are the "Health Care" staff that Plaintiff's grievance is directed toward.

Grievance LMF 2013-01-0090-12d4 is a grievance that identifies a "doctor" who discontinued Plaintiff's medication. (ECF No. 47-3, PageID #1182.) The Step I response indicates that Plaintiff's grievance was directed at Dr. Berhane, not any of the named Defendants in this case. (*Id.* at PageID #1183.)

Grievance LMF 12-12-2538-28i (formerly LMF 12-12-2538-12d4) was a grievance directed at PA Westcomb for denying Plaintiff incontinence supplies. (*Id.* at PageID #1194.) Defendants conceded that Plaintiff exhausted his administrative remedies with respect to the 2012 allegations set forth against Westcomb in this grievance (ECF No. 103, PageID #2399), and the Magistrate Judge therefore recommended that all claims against Westcomb be dismissed without prejudice except the claim set forth in this grievance. At the Step I response, the Department of Corrections noted that Plaintiff "had his incontinence products i.e. depends and self catheters discontinued by Dr. Gerlach at MTU prior to coming to LMF," and that Plaintiff "showed no evidence of incontinence during the visit with PA Westcomb and incontinence products were not reordered." (ECF No. 47-3, PageID #1195.) To the extent Plaintiff argues that this grievance also exhausted administrative remedies against

9

Gerlach, Plaintiff is mistaken. Plaintiff's Step I grievance was specifically directed at Westcomb. If Plaintiff wanted to file a grievance against Gerlach for the earlier denial of incontinence supplies, the proper course of action would have been to file a timely grievance specifically directed at Gerlach.

**D. 2015 Grievances**

Plaintiff's objections also mention grievances against HUM McCauley, PA Buskirk, and Nursing Supervisor Alton from June 2015. These grievances will not be considered as they were filed after Plaintiff initiated this action. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections (ECF No. 114) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's August 11, 2015, R&R (ECF No. 109) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant Borgerding's motion for summary judgment for failure to exhaust administrative remedies (ECF No. 24) is **GRANTED** and Defendant Borgerding is **DISMISSED** without prejudice. As indicated, Defendant Kimsel will remain a Defendant in this case.

**IT IS FURTHER ORDERED** that Defendants Mickalonis, Stevens, Gregurek, Karp, and Corning's motions for summary judgment for failure to exhaust administrative remedies (ECF Nos. 35, 79, 83) are **GRANTED** and that these Defendants are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants Bohjanen, Gerlach, Westcomb, Behler, Burke, and Johnson's motions for summary judgment for failure to exhaust administrative remedies (ECF Nos. 47, 94) are **GRANTED**. Defendants Bohjanen, Gerlach, Behler, Burke, and Johnson are **DISMISSED** without prejudice, and all claims against Defendant Westcomb are **DISMISSED** without prejudice except for Plaintiff's claim that he was denied incontinence supplies in 2012.


Dated: September 29, 2015                              /s/ Robert Holmes Bell
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE